UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS WILLIAMS,<br><br>                                     Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>                                     Defendant. | Case No.: 3:17-CV-00226-AJB-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br>**(Doc. No. 3)**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br>**(Doc. No. 1)** |

On February 6, 2017, Plaintiff Louis Williams ("Plaintiff"), a non-prisoner, commenced this action against Nancy A. Berryhill ("Defendant"), to review Defendant's decision denying Plaintiff's claims for disability benefits. (Doc. No. 1.) Both Defendant and an administrative law judge ("ALJ") reviewed and denied Plaintiff's application for benefits, and the Appeals Council denied Plaintiff's request to review the ALJ's decision. (*Id.* ¶¶ 6-8.) Plaintiff requests this Court to review and reverse Defendant's decision, or in the alternative remand this matter for a new hearing. (*Id.* at 3.)

Plaintiff filed the instant motion to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a), with his Complaint. (Doc. No. 3.) For the reasons stated herein, the Court **GRANTS** Plaintiff's motion to proceed IFP, but *sua sponte* **DISMISSES** the action for failure to state a claim upon which relief may be granted.

## DISCUSSION

### I. *Motion to Proceed In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court whether by original process, removal or otherwise, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if the plaintiff submits an affidavit demonstrating that he should be granted in forma pauperis status. *See* 28 U.S.C. § 1915(a); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Such affidavit must include a complete statement of the plaintiff's personal assets. 28 U.S.C. § 1915(a).

Here, Plaintiff has submitted an affidavit in support of his IFP motion indicating that he has been homeless since 2009. (Doc. No. 3 at 5.) Plaintiff also states that his only form of income is $194 a month in public-assistance, and that he has no savings or assets. (*Id.* at 1-3.) Accordingly, the Court finds that Plaintiff meets the § 1915(a) requirements and **GRANTS** Plaintiff's motion to proceed IFP.

### II. *Failure to State a Claim*

After granting *in forma pauperis* status, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an *in forma pauperis* complaint that fails to state a claim). A court "may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). A complaint will survive a motion to

dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In alleging disability, the movant must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1)(A). Specifically, a "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are *demonstrable* by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) (emphasis added).

Here, Plaintiff generally contends that he is disabled, but fails to allege one particular impairment or provide the Court with any medical documentation. (Doc. No. 1 ¶ 5, 9.) The Plaintiff further fails to allege any specific findings by the ALJ that are challenged or ascribed as in error. Thus, the Court finds Plaintiff's Complaint is wholly insufficient. As a result, as Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted, pursuant to § 1915(e)(2), the Court **DISMISSES** the Complaint.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, but *sua sponte* **DISMISSES** the Complaint **WITHOUT PREJUDICE**. Plaintiff may file an amended complaint curing the deficiencies noted herein within *__twenty-one days__* of this order's issuance. Failure to do so will result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated:  February 28, 2017

Hon. Anthony J. Battaglia
United States District Judge